# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ALBERT McELHANEY, )
        Petitioner, )
v. ) Case No. CIV 18-193-RAW-KEW
CARL BEAR, Warden, )
        Respondent. )

## OPINION AND ORDER

Petitioner, a pro se state prisoner in the custody of the Oklahoma Department of Corrections, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). He is attacking his conviction and sentence in McIntosh County District Court Case No. CF-2009-76 for Murder in the Second Degree, After Former Conviction of Two or More Felonies.

Construing Petitioner's petition liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), he is alleging he is an Indian, and his crime occurred on an Indian reservation. He argues the state court lacked jurisdiction, pursuant to *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. (2017), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018). Petitioner also asserts the state court was deprived of jurisdiction because he was not informed of his right to get a waiver of a grand jury indictment. He requests the following relief: "Conduct a hearing on the merits of claims <u>or</u> certify questions to U.S. Supreme Court, <u>or</u> order state release Petitioner from detention/confinement" (Dkt. 1 at 14).

The record shows this is Petitioner's second § 2254 habeas petition challenging this conviction, with his previous case having been dismissed as barred by the statute of limitations. *See McElhaney v. Bear*, No. 16-107-JHP-KEW, 2017 WL 1277486 (E.D. Okla.

Mar. 31, 2017) (unpublished), *appeal dismissed*, 700 F. App'x 872 (10th Cir. 2017).[1] This second or successive petition that now is before the Court is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* Petitioner's failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition or, "if it is in the interest of justice," transfer the amended petition to the Court of Appeals for possible authorization. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)).

Further, an applicant seeking authorization to file a second or successive application for writ of habeas corpus must meet the requirements of 28 U.S.C. § 2244(b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the

---

[1] Petitioner previously attempted to raise the *Murphy* claim in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Oklahoma. The claim was dismissed without prejudice as improper for a § 2241 petition. *McElhaney v. Bear*, No. 18-CV-030-HE, 2018 WL 934931 (W.D. Okla. Jan. 23, 2018) (unpublished), *appeal dismissed*, 728 F. App'x 866 (10th Cir. 2018).

2

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

The Court finds that neither of the claims raised by Petitioner meets the requirements of 28 U.S.C. § 2244(b). Furthermore, as discussed below, the factors weigh heavily against a transfer.

**Grand Jury Claim**

Petitioner raised his grand jury claim in a third post-conviction application filed on May 12, 2017, in the McIntosh County District Court, which denied the application on June 1, 2017.[2] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial in Case No. PC-2017-679 (Okla. Crim. App. Aug. 29, 2017) (unpublished). The OCCA found "Petitioner's application fails to articulate sufficient reason explaining his failure to file a certiorari appeal as set forth in Section IV, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), or to adequately raise these issues in his previous post-conviction applications." *Id.*, slip op. at 2. The OCCA further found Petitioner had exhausted his state remedies for the issue, and it barred Petitioner from raising this claim in subsequent applications. *Id*.

Federal habeas petitioners may not obtain review of claims "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). The Tenth Circuit has upheld Okla. Stat. tit. 22, § 1086, of the Post-Conviction Procedure Act as an independent and adequate state ground for denying habeas

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

3

relief. *Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008). Petitioner, however, has not presented any evidence of cause and prejudice to overcome the bar. Failure to allege cause for the procedural default or prejudice, or to show that a fundamental miscarriage of justice will result if the claim is not reviewed, precludes federal habeas review. *Hawkins v. Mullin*, 291 F.3d 658, 671 n.5 (10th Cir. 2002); *Paxton v. Ward*, 199 F.3d 1197, 1206 (10th Cir. 1999).

The fundamental miscarriage of justice exception is narrow and applies only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). The Tenth Circuit has explained this exception" as follows:

> To come within this "very narrow exception," the petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (citations omitted). Evidence that "is corroborating evidence, impeaching evidence, or evidence merely raising some suspicion or doubt of [a petitioner's] guilt" is not "persuasive evidence of 'actual innocence.'" *Stafford v. Saffle*, 34 F.3d 1557, 1561 (10th Cir.1994), *cert. denied*, 514 U.S. 1099 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

After careful review, the Court finds Petitioner has not demonstrated that a miscarriage of justice would result if he is prevented from proceeding on the merits of his claim by the procedural bar. In addition, he has failed to make a colorable claim of actual innocence. Consequently, Petitioner's claim regarding a waiver of a grand jury indictment is procedurally barred from federal habeas review.

4

*Murphy v. Royal* **Claim**

The state court records also reveal that Petitioner raised a *Murphy* claim in his "supplemental post-conviction application based on new federal retroactive clarification of law and jurisdiction claim one," filed in the McIntosh County District Court on August 21, 2017. On September 8, 2017, the state district court stayed proceedings of the supplemental post-conviction action, "pending final disposition of *Murphy v. Royal*, by the 10th Circuit and/or the United States Supreme Court."

On September 11, 2017, Petitioner filed in the state district court a "motion for hearing on newly-discovered jurisdictional evidence." Following the State's response to Petitioner's motion for an evidentiary hearing, the district court continued the stay on November 27, 2017, and granted Petitioner "leave to file an amended application pleading specific facts regarding the applicability of *Murphy* and related cases to this case."

On December 4, 2017, Petitioner filed in the state district court (1) a notice of intent to appeal and designation of record, (2) an amended post-conviction supplement and habeas corpus application, and (3) a petition for habeas corpus under new federal order. Although parts of the online images of the documents are illegible, Petitioner apparently argued that *Murphy* is settled federal law which applies to his conviction, and he is entitled to immediate release from custody. On January 8, 2018, the OCCA dismissed Petitioner's request for a writ of mandamus as moot, because the district court's November 27, 2017, order fully adjudicated his complaints regarding the pending matters in this case.

On June 14, 2018, Petitioner filed in the state district court an "amended first post-conviction application," again arguing, among other things, that he is entitled to relief based on *Murphy* and other federal cases. Eight days later, he filed a "supplemental post-conviction application based on new federal retroactive clarification of law and jurisdiction

5

claim one" and a pleading captioned as "supplemental evidence and notice to court." The state district court has not entered any rulings since its November 27, 2017, order.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, the Court finds Petitioner has commenced proceedings to exhaust his *Murphy* claim, but the state district court has stayed proceedings on the issue until the Supreme Court decides the appeal from the Tenth Circuit. Therefore, this claim is unexhausted and cannot proceed in the federal habeas court at this time. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See also Billings v. Bureau of Indian Affairs*, No. CIV-18-397-F, 2018 WL 2189772, at *2 (W.D. Okla. Apr. 26, 2018) (dismissing without prejudice *Murphy* claim in § 2254 habeas petition, based on nonexhaustion) (unpublished report and recommendation), *adopted by district court*, 2018 WL 2187056 (May 11, 2018).

For the reasons set forth above, the Court further finds it would not be in the interest of justice to transfer the unexhausted *Murphy* claim to the Court of Appeals for possible authorization of a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008).

**Certificate of Appealability**

The Court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, and he is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 30th day of July 2018.

**Dated this 30th day of July, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma